IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON F. BROOKNER,

    Plaintiff,

vs.                                          No.    1:10-cv-00639-JAP -KBM

SSC CORPORATION, a New Mexico
corporation, SEAN CANTRELL,
and EVANGELINE LUJAN-VIGIL

    Defendants.

**MEMORANDUM OPINION AND ORDER**

As a condition of the Court's setting aside of the Clerk's Entry of Default (Doc. No. 52) entered against Defendant Evangeline Lujan-Vigil, the Court ordered Lujan-Vigil to pay "any costs related to service of process and entry of default that the Court awards to Plaintiff Jason Brookner." April 15, 2011 Memorandum Opinion and Order at 1. Having reviewed the costs bill that Brookner submitted to the Court, the Court concludes that Lujan-Vigil should be ordered to pay $2,133.50 to Brookner as a condition of the Court's setting aside the Default. In addition, the Court concludes that Brookner's Motion Under Rule 54(b) to Revise Interlocutory Order Granting with Conditions Clerk's Entry of Default (Motion to Revise) (Doc. No. 82) should be denied.

**BACKGROUND**

On April 6, 2011 Defendant Evangeline Lujan-Vigil filed a Motion to Set Aside Clerk's Entry of Default (Motion to Set Aside) (Doc. No. 64). The Court granted Lujan-Vigil's Motion to Set Aside on April 15, 2011 on the condition that "Lujan-Vigil pay any costs related to service of process and entry of default that the Court awards to Plaintiff Jason Brookner." April 15,

2011 Memorandum Opinion and Order at 1. The Court also ordered Lujan-Vigil to submit an affidavit explaining her knowledge of the lawsuit and her ability to pay costs. Prior to entry of the Court's April 15, 2011 Memorandum Opinion and Order, Plaintiff Jason S. Brookner filed a Declaration of Costs Associated with the Service of Defendant Evangeline Lujan-Vigil and Defendant's Motions Regarding Same (Declaration) (Doc. No. 69).  Brookner attached a costs bill to his Declaration detailing the costs he had incurred.

On May 27, 2011 Brookner filed a Motion Under Rule 54(b) to Revise Interlocutory Order Granting with Conditions Defendant Lujan-Vigil's Motion to Set Aside Clerk's Entry of Default (Motion to Revise) (Doc. No. 82).  Defendants filed a Response (Doc. No. 87) on June 8, 2011 and Brookner filed a Reply (Doc. No. 88) on June 17, 2011. In his Motion to Revise Brookner requests that the Court either vacate its order setting aside the default or require Lujan-Vigil to pay all of the costs Brookner incurred attempting to serve Lujan-Vigil and obtaining the default.  As grounds for his Motion to Revise, Brookner contends that Defendants SSC Corporation (SSC) and Sean Cantrell willfully withheld Lujan-Vigil's address and thus precluded Brookner from locating Lujan-Vigil.

## DISCUSSION

### I. Costs Associated With Default

In its April 15, 2011 Memorandum Opinion and Order, the Court ordered Lujan-Vigil to pay "any costs and fees associated with attempting to serve Lujan-Vigil" in addition to the costs related to entry of default.  Having considered the issue in conjunction with its review of Brookner's costs bill, the Court concludes that because the costs and fees associated with service of process are unrelated to the default, it would unjust to require Lujan-Vigil to pay these costs and fees as a condition of setting aside the default.  Thus, the Court will only require Lujan-Vigil

to pay those costs that are directly related to the default.

In his Declaration, Brookner requested $3,556.12 for the costs associated with attempting to serve Lujan-Vigil and obtaining a default. Of the $3,556.12 that Brookner has requested, $1,126.62 of the costs and fees are directly related to service by publication. Because Brookner would have incurred these fees even if Lujan-Vigil had responded to the service by publication, the Court concludes that these costs and fees are not attributable to the default and cannot be recovered by Brookner.

In addition, there are three other itemized entries on the billing statement Brookner provided to the Court that are either entirely or partially unrelated to the default. First, the description of a March 14, 2011 fee of $128.00 indicates that the fee is for "review and finalize confidential settlement position statement for submission to the Court; electronic mail message to Magistrate Judge A. Torgeson forwarding same." Because this has nothing to do with the default, the Court concludes that this portion of the fee is not recoverable. Second, the description of a March 28, 2011 fee in the amount of $252.00 indicates that a portion of the fee is for "electronic mail messages with Magistrate Judge Molzen's office re telephonic scheduling conference." The $252.00 fee is based on .70 hours worked at an hourly rate of $360.00. Because the electronic mail messages are unrelated to the default, the Court concludes that the fee for 0.2 hours of the 0.7 hours billed on March 28, 2011 is not recoverable. Thus, the Court will only award Brookner $180.00 for the services performed on March 28, 2011. Finally, the description of a March 29, 2011 fee in the amount of $128.00 indicates that Brookner was billed for .80 hours at an hourly rate of $160.00 for the following legal service:"review and finalize plaintiff's response to defendant's motion for continuance of hearing on motion for entry of default judgment; review and finalize plaintiff's second supplemental intial disclosures; prepare

certificate of service re plaintiff's second supplement initial disclosures; e-file and serve same; prepare correspondence to N. Werkmeister forwarding plaintiff's second supplemental initial disclosures; electronic mail message to J. Brookner forwarding same." Because the majority of the legal services performed on March 29, 2011 were unrelated to the default, the Court concludes that the fee for 0.6 of the 0.8 hours billed is not recoverable. Thus, the Court will only award Brookner $32.00 for the services performed on March 29, 2011.

With respect to the remaining entries on the billing statement Brookner provided to the Court, the Court concludes that these fees are directly related to the default and are therefore recoverable. Thus, Brookner is entitled to be compensated a total of $2,133.50 for the attorneys fees Brookner incurred as a result of Lujan-Vigil's default.

## II. Brookner's Motion to Revise

In his Motion to Revise, Brookner requests that the Court vacate its order setting aside the default entered against Lujan-Vigil or, in the alternative, order Lujan-Vigil to pay all of the costs associated with service of process and the default. Brookner contends that SSC and Cantrell, the other defendants in this case, willfully withheld Lujan-Vigil's address and thus caused Brookner to incur the fees associated with Brookner's attempt to serve Lujan-Vigil.

Notably, while Brookner contends that SSC and Cantrell wrongfully withheld Lujan-Vigil's address, Brookner requests that the Court reinstate the default against Lujan-Vigil or order Lujan-Vigil to pay additional costs. In effect, Brookner seeks to punish Lujan-Vigil for the allegedly wrongful conduct of the other defendants in this case. In his Reply, Brookner acknowledges that any fault for the alleged wrongful conduct lies with SSC and Cantrell and requests that if the Court awards additional fees, the fees be paid by SSC and Cantrell rather than Lujan-Vigil. Brookner also contends that if the Court were to re-enter the default against Lujan-

Vigil, Lujan-Vigil would not be punished because SSC's insurer would ultimately be responsible for any judgement entered against Lujan-Vigil.  Also, Brookner argues for the first time in his Reply that SSC and Cantrell's conduct is sanctionable as a discovery violation.

Because the relief Brookner requested in his Motion to Revise was directed at Lujan-Vigil, the Court concludes that that relief would be improper.  Even assuming that SSC's insurer would ultimately be responsible for any judgment entered against Lujan-Vigil, the Court concludes that it would be unjust to re-enter the default against Lujan-Vigil and ultimately enter a judgment against Lujan-Vigil to remedy the allegedly wrongful conduct of the other defendants in this case.  Brookner does not contend that Lujan-Vigil attempted to conceal her address, and it would therefore be improper to punish Lujan-Vigil for the concealment in which SSC and Cantrell allegedly engaged.  Similarly, requiring Lujan-Vigil to pay the fees associated with Brookner's attempts to serve Lujan-Vigil would be improper as it is SSC and Cantrell, not Lujan-Vigil, that allegedly precluded Brookner from locating Lujan-Vigil.

Finally, because Brookner did not request that the Court sanction SSC and Cantrell directly or raise the argument that SSC and Cantrell committed a discovery violation until his Reply, the Court concludes that it would be unfair to SSC and Cantrell to address these arguments without giving SSC and Cantrell an opportunity to respond.  Thus, while the Court will deny Brookner's Motion to Revise, the Court will permit Brookner to file a Rule 37 Motion if Brookner believes SSC and Cantrell in fact committed a discovery violation and that further relief is necessary.

**IT IS ORDERED THAT** Defendant Evangeline Lujan-Vigil pay $2,133.50 to Plaintiff Jason Brookner by July 30, 2011.  If Lujan-Vigil fails to make this payment, the Court will vacate its April 15, 2011 Memorandum Opinion and Order setting aside the default entered

against Lujan-Vigil.

**IT IS FURTHER ORDERED THAT** Plaintiff Jason Brookner's Motion Under Rule 54(b) to Revise Interlocutory Order Granting with Conditions Defendant Lujan-Vigil's Motion to Set Aside Clerk's Entry of Default (Doc. No. 82) is DENIED.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE