IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON F. BROOKNER,

    Plaintiff,

vs.                                                        No.    1:10-cv-00639-JAP -KBM

SSC CORPORATION, a New Mexico
corporation, SEAN CANTRELL,
and EVANGELINE LUJAN-VIGIL

    Defendants.

**Memorandum Opinion and Order**

Plaintiff Jason Brookner objects[1] to Defendants SSC Corporation, Sean Cantrell, and Evangeline Lujan-Vigil's (collectively SSC) notice of intent to present the deposition testimony of Roy Hughes at trial. In its Trial Witness List (Doc. No. 95), SSC noted that Roy Hughes will testify via deposition and SSC designated portions of Hughes' deposition transcript that SSC plans to present during trial. Brookner objects to the use of Hughes' deposition testimony on the ground that Hughes is not unavailable to testify in person.[2] SSC contends that Rule 32(a) of the Federal Rules of Civil Procedure permits the use of Hughes' deposition testimony in lieu of live testimony at trial. Because the Court concludes that Hughes is not unavailable and that the mere fact that Hughes' deposition is relevant does not permit its use in lieu of live testimony, the Court will sustain Brookner's objection.

---

[1] Brookner filed an Objection to use of Deposition Testimony and Counter-Designation of Deposition Transcript (Doc. No. 97) on July 25, 2011. SSC filed its Response (Doc. No. 98) on July 27, 2011 and Brookner filed his Reply (Doc. No. 104) on August 8, 2011.

[2] While Brookner also objects to the content of the deposition testimony that SSC intends the use at trial, the Court does not address these objections since the Court will sustain Brookner's objection to the use of the deposition in lieu of live testimony.

Rule 32(a) provides that a "deposition may be used against a party" at trial on the condition that

>(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
>(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
>(C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a). While the parties appear to agree that Hughes' deposition satisfies both (A) and (B), the parties disagree over whether "the use is allowed by Rule 32(a)(2) through (8)." SSC contends that Hughes' deposition testimony is admissible under both 32(a)(4) and 32(a)(2). First, SSC argues that Hughes is unavailable to testify as a witness and that the use of his deposition testimony is permissible under Rule 32(a)(4). Second, SSC contends that the deposition testimony is admissible under Rule 32(a)(2) which provides that a party may use deposition testimony "to contradict or impeach the testimony given by the deponent as a witness, or for any other reason allowed by the Federal Rules of Evidence."

With respect to SSC's first assertion, SSC has failed to establish that Hughes is in fact unavailable. Under Rule 32(a)(4), a witness is unavailable if the witness is dead, the witness is more than 100 miles from the place of trial, the witness cannot testify due to age, illness, infirmity, or imprisonment, or the witness cannot be procured via subpoena. In addition, a witness can be deemed unavailable if, upon motion and notice, the Court finds "that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." *Id*. at 32(a)(4)(E). SSC argues only that Hughes is unavailable because he resides in Chimayo, New Mexico and

"depending on the method of calculation," he "may be more than 100 miles outside of downtown Albuquerque."

In order to be deemed unavailable on account of distance from the location of trial, a witness must be "more than 100 miles from the place of . . . trial." Fed. R. Civ. P. 32(a)(4)(A). By contending that Hughes *may* be 100 miles outside of downtown Albuquerque "depending on the method of calculation," SSC implicitly acknowledges that by using a different method of calculation, Hughes is *not* more than 100 miles from the place of trial. In addition, Brookner has provided the Court with evidence that the driving distance from Chimayo, New Mexico to downtown Albuquerque, the place of the trial, is only approximately 90 miles. Because SSC acknowledges that Hughes is only 100 miles outside of the place of trial under certain mileage calculations—and thus admits that Hughes is within 100 miles of the place of trial under other calculations—and because Brookner has submitted evidence that Hughes is less than 100 miles away from the place of trial, the Court concludes that SSC has not met its burden of proving that Hughes is unavailable. *See Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) (noting that "[t]he proponent of the deposition bears the burden of proving that it is admissible under 32(a)").

SSC next argues that the use of Hughes' deposition testimony is permissible because Rule 32(a)(2) permits a "party to use a deposition . . . for any . . . purpose allowed by the Federal Rules of Evidence." SSC contends that Hughes' testimony is relevant and, because the Federal Rules of Evidence permit the admission of all relevant evidence, Hughes' deposition testimony can be used in lieu of his live testimony at trial. Fed. R. Evid. 402. Aside from its citation to the Federal Rules of Evidence, SSC does not cite any authority for this rather unique argument that the mere fact that deposition testimony is relevant allows a deposition to be used instead of live

testimony. The Court concludes that the Rules of Civil Procedure implicitly reject the argument SSC is making. Rule 32(a)(4) enumerates very specific instances in which a witness can be deemed unavailable and only otherwise permits a court to deem a witness unavailable under "exceptional circumstances . . . with due regard to the importance of live testimony in open court." The language of Rule 32(a)(4) is inconsistent with SSC's position that a deposition can be used in lieu of live testimony on the mere ground that the deposition testimony is relevant. If relevance were the only requirement, then there would be no need for a court to find that exceptional circumstances and the due administration of justice require the use of deposition testimony in lieu of live testimony nor would there be any reason to delineate specific circumstances that will make a witness unavailable. In the absence of any authority to the contrary, the Court concludes that the mere fact that Hughes' deposition testimony is relevant does not permit SSC to use the deposition in lieu of Hughes' live testimony at trial. Therefore, the Court will sustain Brookner's objection to SSC's use of Hughes' deposition testimony at trial.

**IT IS ORDERED THAT** Plaintiff Jason Brookner's Objection to Use of Deposition Testimony and Counter-Designation of Deposition Transcript (Doc. No. 97) is SUSTAINED.

_____
James A. Parker
SENIOR UNITED STATES DISTRICT COURT JUDGE